**In re VITAMINS ANTITRUST LITIGATION.**

No. MISC NO. 99–197(TFH).
MDL No. 1285.

United States District Court,
District of Columbia.

Nov. 20, 2002.

Ann Catherine Yahner, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Jonathan David Schiller, Boies, Schiller & Flexner, LLP, Jodi Trulove, Kenneth L. Adams, Elaine Metlin, Richard J. Leveridge, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Carol Elder Bruce, Tighe, Patton, Armstrong & Teasdale, Eric Sean Jackson, Robins, Kaplan, Miller & Ciresi, L.L.P., Bradley Stuart Lui, Morrison & Foerster, LLP, Robert Kenly Webster,

William James Bachman, John Edward Schmidtlein, Williams & Connolly, Frank Panopoulos, White & Case, L.L.P., Philip Dean Bartz, McKenna, Long & Aldridge & Norman, L.L.P., John Justin Rosenthal, Howrey Simon Arnold & White, LLP, Washington, DC, Steven A. Martino, Stephen L. Klimjack, Jackson, Taylor, Martino & Hedge, John W. Sharbrough, III, M. Stephen Dampier, P. Dean Waite, Jr., Mary Elizabeth Snow, The Sharbrough Law Firm, PC, Charles A. Graddick, Sims, Graddick & Dodson, P.C., Mobile, AL, Roberta D. Liebenberg, Fine, Kaplan & Black, Philadelphia, PA, Bruce H. Simon, Cohen, Weiss And Simon, LLP, Colin A. Underwood, Solomon, Zauderer, Ellenhorn, Frischer & Sharp, Lawrence Byrne, White & Case, Michael O. Ware, Mayer, Brown, Rowe & Maw, New York City, M. Eric Frankovitch, Frankovitch, Anetakis, Colantonio & Simon, Steven M. Recht, Recht Law Offices, Weirton, WV, Craig C. Corbitt, Jeannine M. Tsukahara, Daniel S. Mason, Joseph W. Bell, Sara M. Scott, Peter F. Burns, Zelle, Hofmann, Voelbel, Mason & Gette, L.L.P. Steven O. Sidener, Gold Bennett & Cera LLP, San Francisco, CA, Richard Alan Arnold, Kenny, Nachwalter, Seymour, Arnold, Critchlow & Spector, PA, Miami, FL, Joseph Michael Vanek, Daar, Fisher, Kanaris & Vanek, P.C., Gerald G. Saltarelli, Butler Rubin Saltarelli & Boyd, Lee Allen Freeman, Freeman, Freeman & Salzman, P.C., Chicago, IL, C. Brooks Wood, Morrison & Heckler, LLP, Kansas City, MO, Robert II Heuck, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, Dallas D. Ball, Ballentine, SC, Phillip A. Cole, Lommen, Nelson, Cole & Stageberg, P.A., K. Craig Wildfang, Robins, Kaplan, Miller & Ciresi, Poley F. Brook, Winthrop & Weinstein, PA, Andrew S. Birrell, Steven E. Uhr, Timothy J. Becker, Zimmerman Reed, P.L.L.P., Minneapolis, MN, Kevin A. Bowman, Sebaly, Shillito & Dyer, Dayton, OH, Gordon Ball, Knoxville, TN, Trawick H. Stubbs, Jr., Stubbs & Perdue, PA, New Bern, CA, Michael James Flannery, The David Danis Law Firm, P.C. St. Louis, MO, Terri Chadick, Conner & Winters, P.L.L.C., Fayetteville, AR, for plaintiff.

Bruce L. Montgomery, Arnold & Porter, Scott William Muller, Davis, Polk & Wardwell, Geoffrey Smith Irwin, Mary–Helen Perry, Christopher J. Lovrien, Jones Day, Karen Natalie Walker, Jeffrey Bossert Clark, Kirkland & Ellis LLP, Fred W. Reinke, Clifford, Chance, Rogers & Wells, LLP, Jonathan Lee Greenblatt, Shearman & Sterling, James R. Weiss, Preston, Gates, Ellis & Rouvelas Meeds, Elizabeth Wallace Fleming, Trout & Richards, P.L.L.C., Paul H. Friedman, Terri L. Bowman, Dechert Price & Rhoads, Donald I. Baker, W. Todd Miller, Baker & Miller, PLLC, Thomas John Lang, Peter Edward Halle, John Clayton Everett, Jr., Morgan, Lewis & Bockius, L.L.P., Aileen Meyer, Pillsbury Winthrop, LLP, Michael Louis Denger, Gibson, Dunn & Crutcher, L.L.P., William L. Monts, III, Hogan & Hartson, L.L.P., Peter Dean Isakoff, Weil, Gotshal & Manges, L.L.P., Ann Marie Malekzadeh, Kerri L. Ruttenberg, Andrew Martin McCormack, Kevin Richard Sullivan, King & Spalding, David Robert Cashdan, Cashdan, Golden & Kane, P.L.L.C., John Worth Kern, IV, Janis, Schuelke & Wechsler, David Alan Balto, George J. Terwilliger, White & Case, L.L.P., Margaret Kolodny Pfeiffer, Sullivan & Cromwell, LLP, Amy L. Bess, Sonnenschein, Nath & Rosenthal Bret Alan Campbell, Joanne Celia Lewers, Clifford, Chance, Rogers & Wells, LLP, Jacqueline Ray Denning, Arnold & Porter, Donald C. Klawiter, Jonathan R. Tuttle, Colby A. Smith, Debevoise & Plimpton, Washington, DC, George T. Manning, Jones, Day, Reavis & Pogue, Atlanta, GA, Tyrone C. Fahner, Andrew S. Marovitz, Britt Miller, Mayer, Brown & Platt, Chicago, IL, Lawrence Byrne, White & Case, Theodore V. Cacioppi, Craig M. Walker, Rogers & Wells, Stephen Fishbein, Richard Schwed, Shearman & Sterling, Suzanne E. Kerrigan, Lawrence Portnoy, Davis, Polk & Wardwell, Laurence Truman Sorkin, Cahill, Gordon & Reindel, Aidan Synnott, Melanie H. Stein, Gregory A. Kasper, Moses Silverman, Paul, Weiss, Rifkind, Wharton & Garrison, Thomas M. Mueller, Jonathan Shiffman, Catherine J. Hertzig, Mayer, Brown, Rowe & Maw, Steven W. Gold, Mintz & Gold, L.L.P., Sutton Keany, Pillsbury & Winthrop, LLP, New York City, John M. Majoras, Jones, Day, Reavis & Pogue Marcia E. Marsteller, John F. McCaffrey, McLaughlin & McCaffrey, L.L.P., Charles E. Jarrett, Marcia E. Marstellar,

Baker & Hostetler, Cleveland, OH, Kurt S. Odenwald, Jim J. Shoemake, Kevin K. Spradling, Guilfoil Petzall & Shoemake, LLP, E. Perry Johnson, Jeffrey S. Russell, Bryan Cave LLP, St. Louis, MO, S. Benjamin Bryant, Allen Guthrie & McHugh, Erin R. Brewster, Maccorkle Lavender & Casey, PLLC, Charleston, WV, Mark Riera, Sheppard, Mullin, Richter & Hampton, LLP, Los Angeles, CA, Stephanie L. Karfias, Bethany G. Lukitsch, James H. Walsh, McGuire Woods, LLP, Richmond, VA, Michael Logan Ware, Holly A. House, McCutchen Doyle Brown & Eneneer, San Francisco, CA, Alice M. Goldwire Glass, Lyme, NH, D. Stuart Meiklejohn, Stacey R. Friedman, Sullivan & Cromwell Lawrence Bryne, Squadron, Ellenoff, Plesent & Sheinfeld, LLP, Cathy M. Armstrong, Thorp Reed & Armstrong, LLP, Wheeling, WV, for defendant.

Kenneth L. Adams, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Washington, DC, for Non Party.

John Peter Relman, Relman & Associates, Gerald Zingone, Thelan Reid & Priest, LLC, Washington, DC, for amicus.

William W. Kocher, Columbus, OH, Philip A. Steinberg, Bala Cynwyd, PA, for claimant.

Eric B. Fastiff, Leiff, Cabraser, Heimann & Bernstein, LLP, Guido Saveri, Saveri & Saveri, PC, San Francisco, CA, Jeffrey Andrew Bartos, Guerrieri, Edmond & Clayman, Ann Catherine Yahner, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Michael G. Lenett, The Cuneo Law Group, P.C., D. Jacques Smith, Arent, Fox, Kintner, Plotkin & Kahn, John Peter Relman, Relman & Associates, Paul R. Taskier, Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Washington, DC, Peter Heidenberger, Chevy Chase, MD, for movant.

Stephen John Pollak, Shea & Gardner, Washington, DC, for special master.

Robert Kenly Webster, Steven R. Kuney, Williams & Connolly, Thomas W. Mitchell, Garrett Berry Magens Duarte, Collier Shannon Scott, PLLC, Washington, DC, for intervenor.

## MEMORANDUM OPINION

### *RE: Plaintiffs' Motion to Compel Takeda to Produce Documents, Answer Interrogatories, and Produce Witnesses*

THOMAS F. HOGAN, Chief Judge.

Before the Court are the objections pursuant to Fed.R.Civ.P. Rule 53 of defendants Takeda Chemical Industries, Ltd. ("TCI") and Takeda Vitamin and Food U.S.A., Inc. ("TVFU") (collectively, "Takeda") to the June 24, 2002 Report and Recommendations of the Special Master Respecting Plaintiffs' Motion to Compel Takeda to Produce Documents, Answer Interrogatories and Produce Witnesses ("June 24 Report"). Upon careful consideration of parties' briefs, the June 24 Report, and the entire record herein, the Court adopts the June 24, 2002 as its opinion in this matter and, accordingly, grants in part and denies in part plaintiffs' motion for substantially the same reasons as set forth in the June 24 Report. The Court will, however, briefly address Takeda's objections.

### Documents

■ Concerning the document requests directed at TVFU,[1] the Special Master found that plaintiffs established good cause sufficient to require TVFU to expand the scope of the search under the terms of the June 29, 2000, agreement between plaintiffs and TVFU whereby TVFU agreed to provide documents falling within the period from 1988 to 1999 but allowed plaintiffs to expand the time period upon a showing of good cause. Although plaintiffs had offered only two references in Roche's 30(b)(6) statement suggesting meetings and/or agreements regarding A, C, and E in the 1980's, the Special Master found this sufficient given the relevance of such documents and the plaintiffs' need for such data to support its damage claims extended to earlier years. He, therefore, recommended that TVFU be compelled to respond fully to Document Request Nos. 3 (concerning vitamins sales) and 4 (concerning

---

1. The document portion of the June 24 Report relating to TCI is now moot as TCI counsel has attested by letter to plaintiffs that it did not in fact withhold, or fail to search for, responsive documents on burden grounds.

TVFU costs) of the requests served on February 9, 2002. June 24 Report at 30.

Takeda objects to this finding stating that just two statements are not sufficient to establish good cause given the "hundreds of depositions and the production of millions of pages of documents." Takeda Obj. at 10. Further, Takeda argues that plaintiffs' "purported need for these documents was for purposes of their expert reports" and that no mention is made in these reports that the information sought would be needed to complete the reports—thus, the need has come and gone. The Court is not persuaded by these arguments. In addition, the Court finds that the Special Master's finding is bolstered by the fact that TVFU's own expert witnesses relied on manufacturing cost information from the 1980's in reaching his opinion. Pls. Resp. to Takeda Obj. at 6. Thus, Takeda's argument that the search would be unduly burdensome must fail, as it appears that Takeda has indeed already undertaken the search.

### Interrogatories

■ Concerning Interrogatory No. 6, which seeks the author, date, and recipient, of TCI's conspiracy documents, the Special Master found that the interrogatory is relevant to the claims or defenses in this litigation and that the request was not so burdensome so as to merit denial of the plaintiffs' motion. June 24 Report at 30. Having determined that 430 individual documents would be subject to the interrogatory, the Special Master determined that the burden on TCI would be similar to that of any party having to respond to discovery. *Id.* at 31.

TCI objects to this recommendation by pointing out that TCI actually has more conspiracy documents than other defendants, and, therefore, this would indeed be more burdensome for TCI than any other defendant. TCI also reiterates its offer to "stipulate that the documents it has produced in this litigation are accurate copies of the documents found in TCI's files, the author of the documents (to the extent known) and where the documents were found (to the extent

known)." TCI again argues that requiring anything more would be unduly burdensome and serve no purpose at this point in the litigation.

Here too, the Court is not persuaded and will adopt the recommendations of the Special Master. TCI's arguments, that they are unduly burdened because they have more conspiracy documents than other defendants and that they are being singled out, are without merit. Clearly, the Court need not, and will not, require plaintiffs to use a parallel discovery strategy for all defendants. Plaintiffs are free to pursue their discovery plan within the confines of the Federal Rules and the Orders of this Court, and, as this Court has stated previously, "defendants do not possess the authority to determine what Plaintiffs need to pursue their claims." June 20, 2001 Mem. Op. at 19. As the Special Master has determined, Interrogatory No. 6, falls within these bounds. Thus, TCI must respond given that the request is relevant and not unduly burdensome.

■ Concerning Interrogatory No. 1, which seeks information on, among other things, the date, attendees, location, and subject matter of meetings between TCI's 5B individuals[2] and other defendants, the Special Master found that the information sought was relevant, however he recommended that the interrogatory be narrowed to include only meetings of TCI's 5B individuals with 5B individuals of other defendants and not meetings with any employees of another defendant. Further, the Special Master recommended adopting plaintiffs' concession that the TCI be allowed to respond the request by searching any internal investigation documents rather than the 400,000 pages of documents TCI claims it would have to search to make a proper response provided that TCI attest that it did undertake an internal investigation sufficient to undercover facts responsive to the interrogatory and that its investigation was not artificially limited with respect to the period of time considered. The Special Master went on to

---

**2.** "5B individuals" refers to the interrogatory of that number in the June 21, 2001 approved discovery requests which asks defendants to identify all corporate individuals who had any knowledge of the conspiracy. *See* June 24 Report at 6, n. 13.

recommend that TCI be ordered to respond and to craft its response to include, among other things, any facts uniquely known to or in the possession of its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel.

TCI objects to this recommendation and contends that Special Master failed to recognize that there is no additional non-privileged information to provide and, again, that TCI is being singled out with respect to this request. TCI also seems to objects to the "Special Master's conclusion that, through Interrogatory 1, plaintiffs should be allowed access to confidential communications between TCI employees and TCI's outside counsel," Def. Rule 53 Obj. at 9 referring to Section I (discussing the issue in the context of 30(b)(6) depositions). As to the latter objection, while not exactly clear, the Court understands this to be another new assertion of attorney-client privilege, which as discussed more fully below, was not before the Special Master and will not be addressed here. As to the former objections, TCI has pointed to nothing which requires a finding contrary to the Special Master's determination that the information requested was relevant and that the request was not unduly burdensome. In sum, TCI will be ordered to respond to Interrogatory No. 1 as narrowed by the Special Master.

### 30(b)(6) Depositions of TCI and TVFU

■ The Special Master agreed with the Plaintiffs' contention that TCI's and TVFU's 30(b)(6) witnesses were inadequately prepared and should be compelled to disclose even those facts known only to their companies counsel.

Takeda's Rule 53 Objection focuses on this recommendation.[3] First, Takeda contends that requiring both TCI and TVFU to produce 30(b)(6) witnesses is an exercise in form over substance and would be duplicative and unduly burdensome because during the relevant period TVFU was a wholly owned subsidiary of TCI. Moreover, it argues, to the extent that Takeda has any corporate knowledge concerning conspiracy related topics in

the plaintiffs' 30(b)(6) deposition notices, that knowledge reside with TCI and not TVFU. As plaintiffs point out, however, TCI and TVFU are separate entities and they allege that each entity individually participated in the conspiracy. Interestingly, Takeda previously and successfully argued that TVFU should not be required to respond to a request propounded on TCI because they are separate entitled, *see* June 24 Report at 4, and, accordingly plaintiffs served discovery requests on TVFU. Now, in attempting to avoid responding to the instant request, Takeda takes the opposite position. This position must fail as plaintiffs are entitled to question an educated 30(b)(6) witness from both TCI and TVFU who is able to testify as to the facts underlying TCI's and TVFU's participation in the conspiracy.

■ Second, Takeda argues that with respect to TCI, it has already produced documents relating to the alleged conspiracies "known or reasonably known to" TCI, so "requiring TCI to provide an additional 30(b)(6) witness at all, at this late stage in the litigation, would serve no useful purpose." Takeda seems to rely on what might be called the substitution theory of discovery—that a defendant can respond as it sees fit rather than as requested by the plaintiffs. The argument has no merit. Plaintiffs, under Rule 30(b)(6), are entitled to an educated witness who can testify as to facts that are known or reasonably available TCI and TVFU about the conspiracy. Here, the Special Master specifically not only found that the designees (Mr. Mochizuki for TCI and Mr. Takeda for TVFU) were inadequately prepared as to facts known only to their companies' counsel, but he also found the designees were inadequately prepared as to conspiracy facts not exclusively in the possession of counsel. *See* June 24, Report at 37. Takeda failed it its duty to provide an educate 30(b)(6) witness and as such will be compelled to do so.

Third, Takeda argues that the Special Master "failed to consider the full record before him in this matter." Here, Takeda

**3.** The Court recognizes that Takeda's arguments concerning factual information solely in posses-

sion of its attorneys is also directed at the Special Master's findings concerning Interrogatories.

seems to obliquely suggest that it must be treated like all other foreign defendants. Its logic is as follows: Plaintiffs should be precluded from pursuing an "educated" Takeda 30(b)(6) witness because other foreign defendants, who produced inadequate 30(b)(6), and who produced chronologies or summary document about the alleged conspiracies and those defendants, were not pursued to produce an "educated" 30(b)(6) witness. Takeda argues again that it already produced "documents, chronologies, memos and other underlying source documents" and that no new information would be learned by having a witness memorize and regurgitate such information. This might be summed up as: "They didn't have to, so why should we."

If indeed Takeda is again urging the Court to require the plaintiffs to pursue a parallel discovery strategy with respect to all defendants, this argument must fail for reasons previously identified. The most important of which is that plaintiffs must be allowed to develop their own case. If Takeda is arguing that the timing of this motion warrants denial, that too must fail. As stated by the Special Master: "In a litigation of this size and complexity, it should not be surprising that some discovery issues are raised late in the day, after parties have reviewed the discovery they have obtained and identified any gaps that need to be filled." June 24 Report at 32. If Takeda is arguing something else, it would have been better to have made that more clear in its objection.

■ Lastly, Takeda argues that should the Court rule that TCI and TVFU produce additional 30(b)(6) witnesses, that the Special Master erred with respect to the scope of the proposed examination. Frankly, the Court is at a loss to completely understand Takeda's argument in this instance—an argument which appears to be asserted here for the first time. According to Takeda, the Special Master recommends that the designated witnesses be required to testify as to any facts, even those "uniquely known or in the possession of counsel, regardless of whether such facts are memorialized in work product documents or reside in the mind of counsel," June 24 Report at 39–40, thus, effectively requiring the witnesses to reveal the contents of

confidential communications Takeda had with outside counsel during privileged internal investigations of the alleged vitamins conspiracy—information protected by the attorney client privilege. Rule 53 Obj. at 5. Takeda contends that the Special Master awarded plaintiffs relief in a form that they did not seek in their original motion *if the Report is read* to require the 30(b)(6) witnesses to be educated with attorney-client privileged material. The Court does not read the Report as such, although it seems clear that if Takeda did claim the attorney-client privilege, it would have a difficult time overcoming what appears to be a broad subject matter waiver with respect to its submissions to the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EC"), and even the U.S. Department of Justice.

The Special Master's Report makes clear that:

> This report does not consider the attorney-client privilege and its protection of facts communicated by a client to an attorney. In opposing plaintiffs' motion, *Takeda has relied exclusively on work product protection;* it has not argued that it has any conspiracy facts that are protected by the attorney-client privilege or that, if there are such facts, any such privilege would remain viable despite the submissions it made to the JFTC and EC.

June 24 Report at 34, n. 29 (emphasis added). Thus, fairly read, the Report did not address whether the "educated" Takeda 30(b)(6) witnesses would be required to reveal information protected by attorney-client privilege and, therefore, could not have recommended such as Takeda never asserted the privilege. In doing so for the first time in its Rule 53, Takeda provides scant explanation to the Court for its assertion, and, it appears that for the first time Takeda indicates that additional attorney-client privileged material may exist. The Court will not pass on the propriety of this assertion where it was not brought properly before the Special Master and this Court. Takeda will be compelled "to produce 30(b)(6) witnesses who have been thoroughly educated about the conspiracy with respect to any and all facts known, respectively, to TCI and TVFU or their counsel,

regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel." June 24 Report at 41.

### Conclusion

For the foregoing reasons, the Court affirms and adopts the Special Master's June 24, 2002 Report and Recommendations Respecting Plaintiffs' Motion to Compel Takeda to Produce Documents, Answer Interrogatories, and Produce Witnesses. As such, the Court grants in part and denies in part the plaintiffs' motion to compel as defined in the June 24 Report. An order will accompany this opinion.

### *ORDER*

### RE: *Plaintiffs' Motion to Compel Takeda to Produce Documents, Answer Interrogatories and Produce Witnesses*

In accordance with the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Court affirms and adopts the Special Master's June 24, 2002 Report and Recommendations Respecting Plaintiffs' Motion to Compel Takeda to Produce Documents, Answer Interrogatories, and Produce Witnesses; it is further hereby

**ORDERED** that Plaintiffs' Motion to Compels is **GRANTED IN PART** and **DENIED IN PART** in accordance with the Recommendations in the June 24, 2002 Report. Specifically, it is hereby **ORDERED** that:

(1) Takeda Vitamin and Food U.S.A., Inc. ("TVFU") shall produce documents responsive to Document Requests Nos. 3 and 4 in the February 9, 2002, requests;

(2) Takeda Chemical Industries, Ltd. ("TCI") shall respond to Interrogatory No. 6, with the caveat the at it may treat certain groups of charts as single documents for purposes of responding to the request;

(3) TCI shall respond to Interrogatory No.1 and that its response shall include, among other things, any facts uniquely known to or in the possession of its counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel; with the caveat that it may answer the interrogatory by consulting any investigative materials it compiled, rather than examining its records and documents, so long as it attests that any such investigation was intended to be thorough and was not artificially limited with respect to the period of time investigated; and with the further caveat that it need only describe meetings between persons it identified in response to Interrogatory No. 5B in the June 21, 2001, approved requests and persons so identified by its codefendants; and,

(4) TCI and TVFU shall produce 30(b)(6) witnesses who have been thoroughly educated about the conspiracy with respect to any and all facts known, respectively, to TCI and TVFU or their counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel.

**SO ORDERED.**